OPINION
{¶ 1} Defendant-appellant Charles Millender appeals his convictions and sentences entered by the Fairfield County Court of Common Pleas on one count of Trafficking in Crack Cocaine, in violation of R.C.2925.03(A) and (C)(4)(f) and one count of Trafficking in Crack Cocaine, in violation of R.C. 2925.03(A) and (C)(4)(g). Plaintiff-appellee is the State of Ohio.
 {¶ 2} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 3} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 4} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 5} On August 9, 2002, the Fairfield County Grand Jury indicted appellant on two counts of Trafficking in Crack Cocaine, in violation of R.C. 2925.03(A) and (C)(4)(f), and one count of Trafficking in Crack Cocaine, in violation of R.C. 2925.03(A) and (C)(4)(g). Counts One and Two contained Specifications as to Appellant's 1999 Chrysler 300 being used to facilitate the felony drug abuse offense. Count Three contained a Specification that Appellant was the owner of $14,030.00 constituting proceeds from the commission of a felony drug abuse offense.
 {¶ 6} On October 21, 2002, Appellant entered pleas of guilty to Count Two: one count of Trafficking in Crack Cocaine, in violation of R.C. 2925.03(A) and (C)(4)(f) and Count Three: one count of Trafficking in Crack Cocaine, in violation of R.C. 2925.03(A) and (C)(4)(g). Appellant also pled guilty to the Specifications attached to those counts. The State of Ohio moved to dismiss the remaining count of Trafficking in Crack Cocaine, in violation of R.C. 2925.03(A) and (C)(4)(f), that being Count One.
 {¶ 7} On December 5, 2002, at the sentencing hearing in this matter, Appellant was sentenced to a mandatory term of imprisonment of five (5) years on Count Two, a mandatory fine of $10,000, a five (5) year driver's license suspension and costs. Appellant's vehicle was also ordered forfeited.
 {¶ 8} Appellant was sentenced to a mandatory term of imprisonment of ten (10) years on Count Three, a mandatory fine of $10,000, $1,800 in restitution to the Fairfield-Hocking Major Crimes Unit and costs. Appellant's interest in the $14,030.00 was also forfeited.
 {¶ 9} It is from this sentence appellant appeals, raising the following sole assignment of error:
 ASSIGNMENT OF ERROR I. {¶ 10} "The Trial Court Committed Reversible Error When It Imposed Consecutive Terms Of Imprisonment Without Making Findings Mandated By Section § 2929.14(E)(4) Of The Ohio Revised Code."
 I. {¶ 11} In his sole assignment of error, appellant argues the trial court erred in imposing consecutive sentences upon him. We disagree.
 {¶ 12} In order to impose consecutive sentences when an offender is convicted of multiple offenses, a trial court must first find consecutive service is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). The court must also find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one or more of the following:
 {¶ 13} "a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense;
 {¶ 14} "b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or,
 {¶ 15} "c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Id.
 {¶ 16} If a trial court imposes consecutive sentences, the trial court must give its reasons for imposing the given sentence. R.C.2929.19(B)(2)(c). At the December 5, 2002 sentencing hearing, the trial court stated on the record:
 {¶ 17} "I would find for the Court that the harm caused by your activity is extraordinary, great, and it is extraordinarily unusual. And therefore, consecutive sentences are appropriate and necessary to fulfill the purposes of this sentencing statute. And punishment is one of those criteria for considering punishment for criminal activity, for criminal convictions, but also rehabilitation." (Sentencing T. at 18).
 {¶ 18} The Court further stated:
 {¶ 19} "As I say, the sentence that's been recommended by the Prosecution is a break, as far as I'm concerned, because of how serious I think it is. The effect — if it's not clear, the physical and mental effect on — the psychological effect on the victims, the hundred of victims out there that have been affected by your marketing this controlled substance is probably — you probably don't even know yourself.
 {¶ 20} "In any event, the Court find that this is not only more serious, but is probably the most serious. And I find nothing here to consider in any way to determine that this less serious from the criteria. I can't believe that this was induced or facilitated by the victims." (Sent. T. at 19).
 {¶ 21} Additionally, the Sentencing Entry of December 19, 2002, contained the following language:
 {¶ 22} "The Court further finds that the sentences imposed in Counts Two and Three are required to be a mandatory prison term pursuant to Section 2925.03(C)(4)(f) and Section 2925.03(C)(4)(g) of the Ohio Revised Code.
 {¶ 23} "The Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are disproportionate to the seriousness of the offenders conduct and to the danger the offender poses to the public. The Court further finds as follows:
 {¶ 24} "a) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. Therefore, the total sentence for the Defendant is a fifteen year mandatory sentence." (December 19, 2002 Judgment Entry of Sentence.)
 {¶ 25} Base on the above, we find the trial court's statements at the Sentencing hearing and the Judgment Entry sentencing appellant to consecutive sentences satisfied the above-statutory mandate.
 {¶ 26} The December 19, 2002 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed.
Gwin, P.J. and Hoffman, J. concur.